IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IAN ANDERSON<br>203 South Maple Street<br>P.O. Box 404<br>Fayette, Ohio 43521<br><br>   Plaintiff,<br><br> vs.<br><br>MENARD, INC.<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO:<br><br>JUDGE<br><br><br><br><br>**COMPLAINT FOR INJUNCTIVE<br>RELIEF AND DAMAGES**<br><br>(Jury Demand Endorsed Herein) |

Plaintiff Ian Anderson, by and through undersigned counsel, as his Complaint against Defendant Menard, Inc., states and avers the following:

## INTRODUCTION

1. Ian Anderson is a resident of the city of Fayette, county of Fulton, and state of Ohio.

2. Defendant Menard, Inc. ("Menard") is a Wisconsin corporation that transacts business in Ohio.

3. Menard operates the Menard Holiday City, Ohio Transportation Office in Holiday City, Ohio.

4. Anderson brings his complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.

5. Venue is properly placed in the United States District Court for the Northern District of Ohio, Western Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

6. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

8. On or about September 7, 2015, Ian Anderson was hired by Menard.

9. Ian Anderson performed work for Menard exclusively in Williams County, Ohio.

10. At the time of the termination of his employment, Ian Anderson was a Supervisor at the Menard Holiday City, Ohio Transportation Office.

11. During his nearly two years at Menard, Anderson was an exemplary employee with no substantial discipline or performance issues.

12. On or about May 23, 2017, Anderson sustained a workplace injury.

13. The workplace injury caused a serious injury to his left arm.

14. Multiple Menard employees witnessed the accident.

15. On the same day of the injury, Anderson followed Menard procedures and properly informed his supervisor of the workplace injury.

16. On or about May 24, 2017, one day after his workplace injury, Anderson informed another Menard supervisor of his workplace injury.

17. Menard's policies require management personnel informed of workplace accidents to properly pass along the report to the proper Menard employees so an investigation can be performed.

18. In telling two (2) different Menard supervisors of the workplace injury, Anderson went above and beyond the requirements of Menard policies.

19. Anderson made no attempt to conceal the fact that he suffered a workplace injury on May 23, 2017.

20. Anderson was not responsible for any failure to follow proper reporting procedures on the part of the multiple supervisors he informed of the accident.

21. As a result of the serious injury he sustained, Anderson immediately filed a workers' compensation claim.

22. Anderson's filing of the workers' compensation claim set off a swift chain reaction of pretextual discipline and other attempts to get rid of Anderson due to his utilization of workers' compensation benefits.

23. First, soon after his workplace injury and filing of a workers' compensation claim against Menard, Anderson was given a disciplinary write-up as a result of what Menard characterized as a "failure to report his injury."

24. The basis of the disciplinary write-up was patently false.

25. The disciplinary write-up for "failure to report his injury" was a transparent attempt by Menard to punish Anderson for filing a workers' compensation claim.

26. The similarly situated supervisors that Anderson reported the workplace injury to were not given any discipline, despite violating Menard's workplace injury reporting policies.

27. The similarly situated supervisors that Anderson reported the workplace injury to had not similarly filed any workers' compensation claims.

28. After the retaliatory discipline, Anderson informed Menard that his doctor ordered a lifting restriction for his left arm as a result of his May 23, 2017 workplace injury.

29. Menard refused to even consider the restriction, despite the fact that numerous employees who did not similarly file workers' compensation claims were permitted to work light duty with similar lifting restrictions.

30. Menard denied Anderson's request to continue to work with a lifting restriction in retaliation for his filing of a workers' compensation claim.

31. Still angry over Anderson's filing of a workers' compensation claim, Menard management told Anderson point blank that he would be required to take leave until he could work full duty or resign.

32. No other employees who presented Menard with similar restrictions were given the same ultimatum.

33. The only reason Anderson was singled out and given this ultimatum from Menard management was that Anderson had filed a workers' compensation claim.

34. Anderson refused to resign and went back to his doctor to see when he would be able to return to work full duty.

35. Anderson was told he would be able to return to work full duty on August 1, 2017.

36. On or about August 1, 2017, Anderson returned to work and informed Menard management that he was able to work without any restrictions.

37. On or about August 1, 2017, in a fully transparent attempt to retaliate against Anderson for his workers' compensation filing, Menard terminated Anderson's employment effective immediately.

38. Menard informed Anderson that he was being terminated for failing to report his injury.

39. Menard used this pretextual justification to terminated Anderson's employment even though Anderson had already been given a written discipline two months prior for the same reason immediately after his workplace injury.

40. Menard terminated Anderson's employment because of Anderson's past workers' compensation claims.

41. On September 12, 2017 and within 90 days of his retaliatory termination, Anderson provided Menard notice of his allegations of workers' compensation retaliation pursuant to R.C. § 4123.90.

## FIRST CAUSE OF ACTION
### (Workers' Compensation Retaliation in Violation of R.C. § 4123.90)

42. Plaintiff incorporates by references the allegations from the preceding paragraphs as if fully re-alleged herein.

43. On or about August 1, 2017, Menard terminated Anderson.

44. Menard terminated Anderson in retaliation for Anderson filing a claim for workers' compensation benefits.

45. Anderson was discharged without just cause for filing a claim for workers' compensation benefits.

46. Menard violated R.C. § 4123.90 by terminating Anderson in retaliation for filing a claim for workers' compensation benefits.

47. As a direct and proximate result of Menard's wrongful conduct, Anderson suffered and will continue to suffer damages.

## CONCLUSION

Plaintiff Ian Anderson seeks judgment against Menard, Inc. in an amount in excess of $75,000 to fully, fairly, and justly compensate him for injury, damage, and loss, and respectfully

prays that this Court enter judgment in his favor and award him past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

Respectfully Submitted,

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Suite 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

*Attorney for Plaintiff Ian Anderson*

## JURY DEMAND

Plaintiff Ian Anderson demands a trial by jury by the maximum number of jurors permitted.

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)

*Attorney for Plaintiff Ian Anderson*